IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA ALFARO,

      Plaintiff,                               No. CIV S-07-2440 MCE DAD PS

    vs.

VAGABOND INN,                         FINDINGS AND RECOMMENDATIONS

      Defendant.

_____/

        Plaintiff, proceeding pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Here, plaintiff's affidavit reflects that she is not currently employed but during the past 12 months received money from pensions, annuities or life insurance payments; disability or workers compensation payments; and gifts or inheritances. Plaintiff has provided no information about the amounts received from these sources. She alleges that she has $60.00 in cash or checking or savings accounts. She states that two persons

1

are dependent on her for support but does not indicate her relationship to each person and the amount contributed to each one's support. The application fails to demonstrate that plaintiff is indigent and should be denied. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

Ordinarily, the undersigned would recommend that plaintiff's in forma pauperis application be denied and plaintiff be granted an opportunity to pay the filing fee in full before proceeding. However, as in at least eleven other cases filed by plaintiff in this court since February 10, 2006,[1] no basis for federal jurisdiction has been alleged in plaintiff's complaint, which consists of a cover page, a page mistitled "Declaration," and a proof of service. In the purported declaration, plaintiff alleges as follows:

> I also tryed [sic] to stay at the Vagabond Inn 10/27/07, and had someone put $2500.00 deposit, on a room, and they continued to say I didn't have a deposit on my room, there was a tray that was passed around in town around 10/26/07, and they never got my money if it was put on a tray. I believe they should have recieved [sic] it. Thank you.

(Compl. at 2.) The pleading contains no jurisdictional statement, no description of the parties, no allegations that state any cognizable federal claim, and no prayer for relief.

It appears that this court lacks subject matter jurisdiction over the action. See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to

---

[1] The following cases brought by plaintiff in this court have been dismissed for lack of subject matter jurisdiction: Alfaro v. Social Security Administration, case No. CIV S-06-0294 MCE DAD PS, closed February 20, 2007; Alfaro v. City of Sacramento, case No. CIV S-06-1355 FCD GGH PS, closed September 6, 2006; Alfaro v. Alcohol and Drug Administration, case No. CIV S-06-1370 GEB GGH PS, closed October 3, 2006; Alfaro v. Barnicoat, case No. CIV S-06-1614 MCE DAD PS; Alfaro v. Miranda, case No. CIV S-06-1687 LKK EFB PS, closed October 10, 2006; Alfaro v. Rameriz, case No. CIV S-1689 DFL EFB PS, closed December 21, 2006; Alfaro v. Burney, case No. CIV S-01783 DFL EFB PS, closed December 21, 2006; Alfaro v. Bank of America, case No. CIV S-06-1808 DFL GGH PS, closed December 21, 2006; Alfaro v. US Bank, case No. CIV S-06-1809 GEB EFB PS, closed December 5, 2006; Alfaro v. Alfaro, case No. CIV S-06-2460 LKK GGH PS, closed January 26, 2007; Alfaro v. Citi Bank, case No. CIV S-07-0363 GEB DAD PS, closed May 25, 2007.

justify dismissal for lack of jurisdiction ); <u>Hagans v. Lavine</u>, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). <u>See</u> also <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

        Based on plaintiff's history of filing obviously frivolous actions, the undersigned finds that it would be futile to grant plaintiff leave to amend even if she were to pay the filing fee. Plaintiff's in forma pauperis application should be denied and this action should be dismissed with prejudice for lack of subject matter jurisdiction. <u>See</u> Fed. R. Civ. P. 12(h)(3).

        Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 13, 2007 application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 14, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\alfaro2440.f&r.ifpjur